**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**


PAULINE MOSS RODOCK         :         **DOCKET NO. 17-cv-825**


**VERSUS**         :         **UNASSIGNED JUDGE**


**C. ANTHONY EAVES, ET AL.**         :         **MAGISTRATE JUDGE KAY**


## REPORT AND RECOMMENDATION


Before the court are two Motions to Dismiss [docs. 7, 8] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Judge C. Anthony Eaves ("Eaves") and the state of Louisiana, respectively, in response to the civil rights complaint filed by plaintiff Pauline Moss Rodock ("Rodock"). Rodock opposes the motions and requests a hearing. Doc. 14.

## I.
### BACKGROUND

Rodock filed the instant civil rights action in this court against Eaves, the state of Louisiana, and a John Doe defendant, complaining about various events in a proceeding involving custody of her minor child before Eaves in the 30th Judicial District Court, Vernon Parish, Louisiana. Doc. 1. Through this suit she seeks monetary and injunctive relief. *Id.* The state of Louisiana now moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis of its sovereign immunity under the Eleventh Amendment. Doc. 8. Eaves moves for dismissal under Rules 12(b)(1) and 12(b)(6), arguing multiple grounds for dismissal, including that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and domestic relations exception, and that he is entitled to judicial immunity. Doc. 7; doc. 7, att. 1. In response Rodock filed both a

memorandum in opposition and request for hearing, and an amended complaint, in which she elaborates on some of her claims. Docs. 14, 13.

## II.
### LAW & ANALYSIS

#### A. *Subject Matter Jurisdiction Challenges*

Issues affecting the court's subject matter jurisdiction are "fundamentally preliminary," and so we address these challenges first. *Ren-Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370, 373 (W.D. La. 1997) (quoting *Leroy v. Great Western United Corp.*, 99 S.Ct. 2710, 2715 (1979)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party asserting jurisdiction bears the burden of establishing that it exists. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). Rodock claims that federal jurisdiction exists under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship). Doc. 13, p. 1. However, Eaves contends that this court should abstain from exercising subject matter jurisdiction under the domestic relations exception and the *Rooker-Feldman* doctrine. The state of Louisiana also asserts sovereign immunity under the Eleventh Amendment.

#### 1. *Domestic relations exception*

It is long established that domestic relations are the province of the state courts. *See, e.g.*, *Ex Parte Burrus*, 10 S.Ct. 850, 853–54 (1890). Thus the domestic relations exception bars federal courts from issuing or modifying a decree for divorce, alimony, or child custody. *Saloom v. Texas Dep't of Family and Child Protective Svcs.*, 578 Fed. App'x 426, 429–30 (5th Cir. 2014) (citing *Ankenbrandt v. Richards*, 112 S.Ct. 2206 (1992)). In this matter Rodock clearly seek modification of a custody decree, among other things, as she asks the court to stay Eaves' hand and invalidate

all of his prior rulings in her child custody suit. *See* doc. 13. However, "[t]he domestic relations exception obtains from the diversity jurisdiction statute, 28 U.S.C. § 1332, and therefore it has no application where . . . there exists an independent basis for federal jurisdiction." *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997) (citation omitted). Here jurisdiction is also based on the existence of a federal question, and that claim is proper insofar as Rodock has brought this action under 42 U.S.C. § 1983. Accordingly, the domestic relations exception cannot deprive this court of subject matter jurisdiction.

### 2. *Rooker-Feldman doctrine*

Federal district courts do not have jurisdiction to hear collateral attacks on state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). Under this principle, known as the *Rooker-Feldman* doctrine, "a federal court may not reverse or modify final state court judgments." *Houston v. Queen*, 8 F.Supp.3d 815, 819 (W.D. La. 2014). The doctrine applies exclusively to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 820 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517, 1521–22 (2005)). *Rooker-Feldman*'s limit on jurisdiction cannot be evaded by asserting claims not raised in the state court, or by structuring the complaint as a civil rights action. *Shepherd*, 23 F.3d at 924; *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

In this matter it does not appear that there has yet been a final judgment in Rodock's custody dispute. *See, e.g.*, doc. 13, pp. 18–20 (allegations relating to August 2017 status hearing). Therefore *Rooker-Feldman* is inapplicable, *e.g.*, *LAC Real Estate Holdings, LLC v. Biloxi Marsh Lands Corp.*, 320 Fed. App'x 267, 270 (5th Cir. 2009), though it would apply to any action brought

by Rodock seeking to overturn a state court custody decision in this court once one has become finalized.

### 3. Eleventh Amendment

The state of Louisiana has moved to dismiss all claims against it under Rule 12(b)(6), alleging that Rodock cannot state a claim on which relief can be granted because of the state's Eleventh Amendment sovereign immunity. Doc. 8. "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Therefore this exception is more properly considered under Rule 12(b)(1).

Under the Eleventh Amendment, states have immunity from suits brought in federal court by their citizens and by citizens of neighboring states. *Edelman v. Jordan*, 94 S.Ct. 1347, 1355–56 (1974). This immunity may be waived by the state or abrogated by Congress. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005). However, there is no indication that the state of Louisiana has done so in suits like the one before us. Although Louisiana has subjected itself to suit in some matters in state court, it has not waived immunity so that it can be sued in federal court and in fact maintains its sovereign immunity by statute.[1] *Jones v. Louisiana*, 2013 WL 5125279, *2 (M.D. La. Sep. 12, 2013) (citing LA. REV. STAT. § 13:5106). Furthermore, Congress has not abrogated the sovereign immunity of the states for claims brought under § 1983.[2] *Id.* (citing

---

[1] In her opposition Rodock notes that the Eleventh Amendment does not immunize local governments from suit, a fact which is irrelevant to her suit, and that under the doctrine of *Ex Parte Young*, 28 S.Ct. 441 (1908) state officials may be sued for prospective injunctive relief in order to end a continuing violation of federal law. Doc. 14. While the *Ex parte Young* exception does allow suits against state employees in their official capacities, Rodock does not show how it creates any right of action against the state itself.

[2] Rodock also alleges various violations of state tort and family law. Doc. 13, pp. 21–22. The United States Congress could not have abrogated state sovereign immunity in a state statute, and there is no indication of waiver in any of these statutes, especially in light of the black-letter Louisiana law cited above. *See* La. Rev. Stat. § 13:5106(A) ("No suit against the state . . . shall be instituted in any court other than a Louisiana state court.") Finally, Rodock alleges a violation of 18 U.S.C. § 242, a federal criminal statute. Doc. 13, p. 21. However, she is a private citizen and is not authorized to bring criminal charges against anyone through a civil suit.

*Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)). Therefore this court lacks subject matter jurisdiction over Rodock's claims against the state of Louisiana, and they must be dismissed without prejudice.

### B. Failure to State a Claim

Eaves moves to dismiss all claims against himself, on the basis that he is immune from suit under the doctrine of judicial immunity. Such a claim is properly evaluated under a 12(b)(6) motion. *See, e.g.*, *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Judges have absolute immunity for judicial acts performed within their jurisdictions. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Although this immunity previously only extended to all actions for damages, it now explicitly applies under § 1983 regardless of whether the plaintiff seeks damages or injunctive relief. *Patterson v. Orleans Par. Dist. Atty. Off.*, 2007 WL 5063238, *12–13 (E.D. La. Apr. 16, 2007). Moreover, to the extent that Rodock now seeks to fashion this as a suit against Eaves in his official capacity for prospective injunctive relief to enforce federal

law under *Ex parte Young*, "a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought." *Id.* at *13 (collecting cases); *see also Burden v. Walker*, 2012 WL 2995702 (E.D. Tex. Jul. 23, 2012) (request for prospective injunctive relief against state judicial officers, though permitted under *Ex parte Young*, forbidden under principle that federal courts lack the authority to direct state courts in the performance of their duties).

"The doctrine of judicial immunity extends to all acts performed by judges in their judicial capacity . . . ." *Daniels v. Stovall*, 660 F.Supp. 301, 303 (S.D. Tex. 1987) (quoting *Shean v. White*, 620 F.Supp. 1329, 1330 (N.D. Tex. 1985)). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 112 S.Ct. 286, 287 (1991) (per curiam) (citation omitted). This immunity still applies when the judge is alleged to have acted with malice or in bad faith. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "It is the Judge's actions alone, not intent, that we must consider." *Id.* (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)). In order to overcome judicial immunity, a plaintiff must instead show that the actions complained of were "nonjudicial actions, *i.e.*, actions not taken in the judge's official capacity" or that the actions, though judicial in nature, were "taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 112 S.Ct. at 288). To determine whether an action was judicial, Fifth Circuit courts look to the following factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in her official capacity.

*Jones*, 2013 WL 5125279 at *3 (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). These factors are broadly construed in favor of finding that judicial immunity applies. *Id.*

Rodock alleges that Eaves exceeded his judicial authority, namely by issuing a "frivolous TRO" and by employing opposing counsel's firm for his personal real estate business. Doc. 13, pp. 11, 18. Rodock does not show, however, that the issuance of the restraining order was outside of the scope of Eaves' judicial authority. Her disagreement with the grounds on which the order was issued does not prove otherwise. *See, e.g.*, *Stump v. Sparkman*, 98 S.Ct. 1099, 1108 (1978) (disagreement with a judge's actions does not deprive him of immunity). The second allegation likewise relates to in-court actions, as Rodock is actually complaining of Eaves' failure to recuse himself based on his employment of opposing counsel's firm. *See* doc. 13, pp. 11–12. Again, she does not show that this decision was outside of the scope of Eaves' judicial authority, and her disagreement with it does not prove otherwise. "Courts unanimously have found that a failure to recuse oneself is a judicial act for purposes of absolute judicial immunity." *Price v. Porter*, 2009 WL 1210509, *4 n. 5 (W.D. La. May 1, 2009) (citations omitted). Accordingly, Rodock's attempts to state a claim against Eaves fail on account of his judicial immunity. Finally, Rodock alleges various constitutional violations flowing from Eaves' rulings and seeks injunctive relief under *Ex parte Young*. However, as noted above, such claims must fail due to this court's lack of authority to direct state courts and judicial officers in the performance of their duties.

Although it is generally the policy of the courts to permit liberal amendment prior to dismissing a complaint under Rule 12(b)(6), *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981), no amount of amendment could cure the bar imposed by Eaves' judicial immunity relative to Rodock's claims. Therefore the Motion to Dismiss should be granted as to Eaves. We need not consider the other grounds for dismissal.

### C. *John Doe Defendant*

Rodock has named a John Doe defendant in both her original and amended complaints, but fails to make any allegations against this individual or entity. Accordingly, it cannot properly be considered a defendant and should be stricken from the docket sheet, so that dismissal of all claims against the state of Louisiana and Eaves results in dismissal of this action as whole.

### III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the Motion for Hearing [doc. 14] be **DENIED**, that the Motions to Dismiss [docs. 7, 8] be granted, and that all claims against the state of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and all claims against Judge Eaves be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted. As Rodock raises no claims against her placeholder "John Doe" defendant in either her original or amended complaint, he is not actually a defendant and should be stricken from the docket sheet such that adoption of this report and recommendation will result in dismissal of the action as a whole.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE