**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **PAULINE MOSS RODOCK** | **CIVIL ACTION NO. 17-0825** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **C. ANTHONY EAVES, ET AL.** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

This matter was referred to United States Magistrate Judge Kathleen Kay for Report and Recommendation. After an independent review of the record and a *de novo* review of the objections, this Court concludes that the Magistrate Judge's Report and Recommendation is correct and adopts the findings and conclusions therein as its own. The Court writes below to address the objections raised by Plaintiff Pauline Moss Rodock ("Rodock") (Record Document 19) and the remaining issue raised in Defendants' Second Motion to Dismiss (record Document 15).

The only specific objection Rodock raises to the Report and Recommendation involves paragraph forty-five of her Amended Complaint where she describes the circumstances of Defendant Judge C. Anthony Eaves' ("Eaves")[1] phone call to her physician.[2] Rodock claims that Eaves called her physician for the purpose of learning her personal information, and that such action was nonjudicial and, thus, does not provide

---

[1] Eaves is the presiding judge in Rodock's child custody case in the 30th Judicial District Court, Parish of Vernon, State of Louisiana. See Record Documents 1 and 13.

[2] The Court notes that Rodock cites this Court's treatment of Viator v. Wendell, 2:03-cv-1273, in support of her arguments for injunctive relief, asserting that her claims are identical to a majority of claims in that case. See Record Document 19 at 3-4. However, the claims in Viator involved harassment and discrimination claims arising from a personal relationship between the parties outside of the confines of court proceedings presided over by the defendant judge. See Complaint (Record Document 1), 2:03-cv-1273. Accordingly, the Court does not find Viator persuasive.

1

Eaves with judicial immunity. See Record Document 19 at 2-3. Rodock alleges the following pertinent facts in her Amended Complaint. On August 8, 2017, she received an order from Eaves for a status hearing in her case, scheduled for the next day. See Record Document 13 at 19. The next day, Rodock's physician faxed a "notice of bed rest/home bound" to the Vernon Parish Court. See id. at 19-20. Eaves' secretary called Rodock's physician "for additional information." Id. at 20. According to Rodock, when Eaves' secretary did not obtain the additional information, Eaves himself called the physician from his cell phone and demanded to know the what was Rodock's illness. See id. When the physician did not provide the information, Eaves threatened to send a subpoena. See id. Rodock claims that Eaves said that she was "out and about" and also told her physician that "there's no motion to continue … she has to be in court today …[.]" Id. Rodock contends that such action on the part of Eaves was not a judicial action. See id. at 4.

As aptly stated in the Magistrate Judge's Report and Recommendation, to determine whether an action was judicial, Fifth Circuit courts look to the following factors:

> (1) Whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in her official capacity. The test factors should be broadly construed in favor of finding that immunity applies.

Jones v. Louisiana, No. 13-379, 2013 WL 5125279, at *2 (M.D. La. Sept. 12, 2013) (citing Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985)). Under the first factor, the Court "examine[s] the 'nature and function' of the act, not the act itself. The Court is to look to

the particular act's relation to a general function normally performed by a judge." <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1124 (5th Cir. 1993).

It is clear from Rodock's recitation of the facts that the call involved elements related to the court's scheduling and case management function, a normal judicial function. <u>See</u> La. C. Civ. P. § 1551. Thus, the first factor is met. The remaining factors are met because: (a) the controversy centered around a status hearing before Eaves, scheduled for the same day; (b) the act arose directly out of the receipt of Rodock's physician's fax to the court stating that Rodock was on bed rest; and (c) though Rodock emphasizes that Eaves called from his cell phone, considering the fact that the matter was a scheduling issue involving the future attendance of Rodock in court that day, considering the fact that the first call was made by Eaves' secretary who was unsuccessful in obtaining the information sought, and considering the technologically modern times in which we live, the location of Eaves upon making the call does not defeat immunity. Accordingly, Rodock's attempt to state a claim against Eaves for his call to her physician fails because Eaves has judicial immunity.

Finally, to the extent that Rodock attempts to make a claim in her Amended Complaint for injunctive relief to prevent Eaves from communicating with her due to the pendency of the instant lawsuit (Record Document 13 at 18-20), the Court notes that this claim was raised in Defendants' second Motion to Dismiss (Record Document 15) and not addressed in the Magistrate Judge's Report and Recommendation as to Defendants' first Motions to Dismiss (Record Documents 7 and 8). The Court finds that such claims are rendered **MOOT** by the dismissal of Rodock's other claims and will **GRANT** Defendants' motion.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant C. Anthony Eaves' Motions to Dismiss (Record Documents 7 and 15) are **GRANTED** and all claims against him are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant State of Louisiana's Motions to Dismiss (Record Documents 8 and 15) are **GRANTED** and all claims against it are **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that placeholder Defendant John Doe shall be stricken from the docket sheet as Rodock raises no claims against this defendant and does not object to such action.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rodock's Motion for Injunctive Relief (Record Document 2), Amended Motion for Injunctive Relief (Record Document 13), Motion for Hearing on Defendants' Motions to Dismiss (Record Document 14), Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Record Document 21), and Motion to Amend/Correct Complaint and Motion for Audio Recording Order for Evidence (Record Document 22) are **DENIED AS MOOT**.

The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of December, 2017.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT